UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY E. HAGEN,

        Plaintiff,

                                  Case No. 1:05-cv-708

v.

                                  Hon. Wendell A. Miles

VPA, INC.,

        Defendant.

_____/

OPINION AND ORDER

        Plaintiff filed this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.  This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. #6).  Plaintiff has responded to the motion, and Defendant has replied.  For the reasons that follow, the Court grants Defendant's Motion.

Background

        Plaintiff was formerly employed by the Pepsi Bottling Company (Pepsi).  During his employment, Pepsi provided him with a Long Term Disability Insurance policy from Defendant, VPA, Inc.  Plaintiff discontinued his employment with Pepsi when he became unable to perform his work duties.  Plaintiff informed Defendant that he was disabled and entitled to benefits under the policy.  Plaintiff began receiving vouchers from Defendant, but at some point Defendant discontinued the vouchers and refused to pay Plaintiff under the policy.  Defendant took no steps to document Plaintiff's alleged disability, although Plaintiff was willing to submit to examination

and testing.  Plaintiff brings the following four causes of action: (1) breach of contract, (2) violation of section 502(a) of ERISA, (3) intentional infliction of emotional distress, and (4) bad faith.

Defendants contend that section 514 of ERISA preempts Plaintiff's claims of breach of contract, intentional infliction of emotional distress, and bad faith.  Further, Plaintiff failed to alleged that he has exhausted his administrative remedies and therefore fails to state a claim under section 502(a)(1)(b) of ERISA.

<u>Standard of Review</u>

A motion under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims.  <u>Barrett v. Harrington</u>, 130 F. 3d 246, 251 (6th Cir. 1997).  The court must accept as true all factual allegations in the complaint, must resolve any ambiguities in the plaintiff's favor, <u>Ziegler v. IBP Hog Market</u>, 249 F. 3d 509, 511-512 (6th Cir. 2001), and must construe all reasonable inferences in favor of the plaintiff.  <u>Miller v. Currie</u>, 50 F. 3d 373, 377 (6th Cir. 1995).  The court need not accept as true a plaintiff's legal conclusions or unwarranted factual inferences.  <u>Perry v. American Tobacco Co.</u>, 324 F.3d 845, 848 (6th Cir.2003).  A complaint should  be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984).  When ruling on a motion to dismiss under Rule 12(b)(6), the court is confined to reviewing the complaint to determine whether the plaintiff has stated a claim, and may not consider matters outside the pleadings.  <u>See</u> <u>e.g.</u>, <u>Amini v. Oberlin Coll.</u>, 259 F. 3d 493, 502 (6th Cir. 2001).

<u>State Law Claims</u>

With regard to Plaintiff's claims of breach of contract, intentional infliction of emotional distress, and bad faith, Defendant argues that state-law tort and contract claims are preempted by ERISA. In his response to Defendant's motion, Plaintiff acknowledges that state-law claims "are not allowed in ERISA cases, no matter what their merit might be and, thus, Plaintiff will not contest the law that Defendant has cited regarding the dismissal of those Counts." (Pl.'s Response (dkt. #8)). Section 514 of ERISA provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." It is well established that ERISA preempts the state-law claims asserted here. <u>See</u>, <u>e.g.</u>, <u>Aetna Health, Inc. v. Davila</u>, 542 U.S. 200, 209, 124 S.Ct. 2488 (2004) (holding "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted"); <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 57, 107 S.Ct. 1549 (1987) (holding that bad faith claim arising out of failure to pay benefits was preempted by ERISA); <u>Tassinare v. American Nat'l Ins. Co.</u>, 32 F.3d 220, 224-25 (6th Cir. 1994) (holding intentional infliction of emotional distress claim arising from refusal to make payments preempted by ERISA); <u>In re General Motors Corp.</u>, 3 F.3d 980, 984 (1993) (holding breach of contract claim preempted by ERISA). Accordingly, the Court will grant Defendant's motion to dismiss as it relates to Plaintiff's state law claims.

ERISA Claim

Defendant contends the claim that Defendant violated section 502(a) of ERISA must be dismissed because the complaint lacks any allegations that show, or give rise to a reasonable inference, that Plaintiff exhausted his administrative remedies before filing suit.  Moreover, the time for pursuing his administrative remedies has expired.  It is well established in the Sixth Circuit that although ERISA itself does not contain an administrative exhaustion requirement, "'[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit.'" Weiner v. Klais & Co., 108 F.3d 86, 90 (6th Cir. 1997), quoting Miller v. Metro. Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991).

In response to Defendant's position, Plaintiff argues that he is entitled to equitable tolling because Plaintiff reasonably believed that "his claim was being paid and thus [had] no reason to appeal."  (Pl.'s Response p.4 (dkt. # 8)).

According to Plaintiff's exhibits, on December 16, 2004, Plaintiff's attorney appealed the Defendant's denial of benefits under the Short Term Disability Plan (claim # 483028) and the Long Term Disability Plan (claim # 49203).  By letter dated January 11, 2005, Defendant informed the attorney that it needed an explanation as to why the appeals were filed late. Plaintiff's attorney addressed a letter to Defendant dated February 14, 2005, which stated in part:

> I think the main issue here is that my client was previously informed
> that he had qualified for benefits through VPA.  As a matter of fact,
> for a period of time, he received vouchers but did not receive checks,
> apparently because he was still receiving his wage continuation. . . It
> was my client's understanding that once his wage continuation
> terminated, that he would then be entitled to payment of his benefits.
>
> . . .
> At this point, our question is why those benefits did not start once his

>    wage continuation terminated . . . .  (Pl.'s Response, Ex. 1. )

Plaintiff's attorney received a letter from Defendant, also dated February 14, 2005, which pertained to denial of benefits under the Short Term Disability Plan, and which advised that by letter dated April 9, 2002, Plaintiff had received the following information from Defendant:

> If you disagree with the determination made on your claim, you have the right to appeal the decision.
>
> > The decision on your claim may be appealed by submitting a written request for the appeal to VPA, Inc., the Claims Administrator. You must make the request within 180 days **after the date of the denial**, by October 5, 2002. If you do not appeal on time, you will lose the right to appeal **your denial**. If you do not appeal on time you will also lose your right to file suit in court, as you will have failed to exhaust your administrative appeal rights, which is generally a prerequisite to bringing suit.
> >
> > Your written appeal should state the reasons that you feel your claim should not have been **denied**. (Pl.'s Response, Ex. 3, emphasis added).

Plaintiff's attorney received a second letter from Defendant also dated February 14, 2005, pertaining to denial of benefits under the Long Term Disability Plan, which stated that a letter dated May 4, 2002, was sent to Plaintiff with language identical to that above, with the exception that the deadline for filing an appeal on this claim was November 19, 2002. Both letters stated that because Plaintiff's 2004 appeal was untimely, Defendant would not conduct an administrative review of the claims.

 Neither Plaintiff's complaint, response or exhibits contain any information regarding his wage continuation: when it began, when it ended, if the wage continuation plan was part of the general disability plan, or the contractual requirements to be entitled to this benefit. However, it is clear that Plaintiff understood that any payments he was receiving were pursuant to the wage

continuation plan and were not short or long term disability payments. Plaintiff acknowledges that he never received any payments under the short or long term plans. To the extent there was any misunderstanding on Plaintiff's part before receiving Defendant's letters dated April 9, 2002, and May 4, 2002, after receiving the letters Plaintiff could not reasonably believe his claims had been approved. The letters clearly show that Plaintiff's claims for short term and long term disability benefits were denied, that Plaintiff had the right to appeal the decisions, and the time limits for filing an appeal.

In support of his equitable tolling argument, Plaintiff cites Watts v. BellSouth Tele., Inc., 316 F.3d 1203 (11th Cir. 2002); Gayle v. United Parcel Service, 401 F.3d 222, 226 (4th Cir. 2005); and Pethers v. Unum Life Ins. Co. of America, No. 1:05-cv-92, 2005 WL 2206478 (W.D. Mich. Sept. 12, 2005). In Pethers, the plaintiff filed her administrative appeal 180 days late, explaining her failure to timely file as "due to personally tragic circumstances (an abusive relationship)," which was totally unrelated to the defendant's conduct. Id. at *1. The Pethers Court noted parenthetically that there may be equitable exceptions to the exhaustion requirement, id. at *2, and recognized that "in some circumstances an equitable extension to a contractual limitation period is appropriate." Id. at *3. However, the Pethers Court found that the plaintiff was not entitled to equitable tolling, noting that plaintiff's "delay was extreme and was not prompted by any misrepresentation or misconduct by Defendant." In the instant case, Plaintiff's appeal was filed almost 800 days after the time for appeal had expired, and Plaintiff has not alleged any misrepresentation or misconduct by Defendant that caused his delay. Gayle, likewise, is of no help to Plaintiff. The Gayle Court explained that equitable tolling had been permitted "'where the claimant has actively pursued his judicial remedies by filing a defective

6

pleading during'" the limitations period. Gayle, 401 F.3d at 226, quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  A second exception applied "'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"  Id., quoting Irwin at 96.  The Gayle plaintiff, who argued that her delay was the result of her attorney's negligence, did not satisfy the requirements of either exception.  Plaintiff here did not file a defective pleading during the limitation period, nor did Plaintiff allege or argue that Defendant tricked him into allowing the deadline to pass.

In Plaintiff's third cited case, Watts, the court found that the plaintiff was entitled to pursue her claim in federal court despite the fact she had failed to exhaust her administrative remedies, but the Watts case is distinguishable from the circumstances in the present case.  The Watts plaintiff explained that she reviewed her policy and interpreted it as providing her the option of continuing to pursue her claim administratively by filing an appeal, or filing a lawsuit.  The Watts Court reviewed the policy, and concluded that the language was sufficiently ambiguous so that the plaintiff's interpretation was reasonable.  Here, Plaintiff does not allege or argue that he was deceived by the wording of the policy.  The letters from Defendant clearly and unambiguously, in language easily understandable to a layman, advised Plaintiff that his claims had been denied and that it was necessary for him to appeal the decision by a certain date before he could file a lawsuit.

Under the Regulations, when a claim is denied by an insurer, the insurer has the obligation of giving the claimant "appropriate information as to the steps to be taken ... to submit his or her claim for review." 29 C.F.R. § 2560.503-1(f). If the insurer fails to adequately inform the claimant of the right to administrative review or the procedures for administrative review,

7

exhaustion is not required and the claimant may directly file an action in court. Metropolitan Life Ins. Co. v. Person, 805 F.Supp. 1411 (E.D. Mich. 1992); Curry v. Contract Fab. Ins. Profit Sharing Plan, 891 F.2d 842 (11th Cir. 1990). Plaintiff's exhibits show that Defendant informed Plaintiff of his right to appeal and the procedure he should follow.

The Sixth Circuit has also recognized a general exception to the ERISA exhaustion requirement when the remedy obtainable through administrative remedies would be inadequate or the denial of the claim is so certain as to make exhaustion futile. Hill v. Blue Cross and Blue Shield of Michigan, 409 F.3d 710, 718-19 (2005), citing Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (1998). A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision. Id. at 719. Plaintiff has not alleged or argued that had he filed an appeal in response to Defendant's letters explaining the appeals process, it is certain the appeal would have been denied.

Plaintiff did not allege exhaustion in his complaint, which makes dismissal appropriate. The exhibits he has submitted with his response to Defendant's motion establish that he is not entitled to equitable tolling of the time to appeal, or an equitable waiver of the exhaustion requirement. Accordingly, the Court must dismiss the complaint with prejudice.[1] See Watts at 1206-07; Gallegos v. Mount Sinai Med. Ctr., 210 F.3d 803, 808 (7th Cir. 2000); Pethers, at *2;

---

[1] The Court's consideration of materials presented by Plaintiff in connection with Defendant's motion to dismiss does not convert the motion to one for summary judgment because the materials were central to the claims asserted. See Weiner, 108 F.3d at 89 (considering pension plan documents that defendant attached to the motion to dismiss part of the pleadings because the documents were referred to in the complaint and were central to plaintiff's claim for benefits under the plan); Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999); Song v. Elyria, Ohio, 985 F.2d 840, 842 (6th Cir. 1993).

<u>Spectrum Health Continuing Care Group v. Knape</u>, No. 1:02-cv-694, 2003 WL 22145818, *1 (W.D. Mich. July 18, 2003).

<u>Conclusion</u>

For the reasons discussed above, the Court GRANTS Defendant's Motion to Dismiss (dkt. # 6), and DISMISSES this case.

So ordered this 19th day of April, 2006.

                                       /s/ Wendell A. Miles
                                       Wendell A. Miles
                                       Senior U.S. District Judge